## Commonwealth v. Ode (No. 2)

*Robert F. Banks,* Assistant District Attorney, for Commonwealth.

*Joseph P. Valentino,* for defendant.

STRANAHAN, P. J., March 22, 1972.—Defendant has been charged with operating a motor vehicle under the influence of intoxicating liquor and was tried by a jury and convicted.

Prior to his conviction, he made a motion to suppress the chemical tests given by the Pennsylvania State Police for the reason that he was not advised of his right to have a doctor present at the time the test was given. This court wrote a rather lengthy opinion in the suppression matter and now incorporates the contents of that opinion into this opinion.

We see no reason to change our thinking in this matter, but rather feel that the same logic is applicable. In addition to this, we note the case of Commonwealth v. Gallagher, 3 Com. Ct. 371, which is in accord with the opinion that we have previously written.

For that reason, we must refuse defendant again in his request to have this court consider such testimony as inadmissible.

The second argument set forth by defendant results from a colloquy that took place between the court and the jury that resulted from a question submitted by the foreman of the jury after deliberation had commenced. In order to understand the background in this matter, the testimony offered by the Commonwealth must be considered.

The Commonwealth produced an expert witness, Officer Vislosky, who testified concerning the alcoholic content of defendant's blood based on a breathalizer test given by the police. During the course of his testimony, Officer Vislosky indicated that there were only two factors which might cause an unwarranted variance in the result of the tests and those factors would be if defendant had smoked or if there was alcohol in his mouth as a result of vomiting or drinking.

During the defense of the case, testimony was offered by defendant that he had been taking a drug

called Librium and argument was then made by defense counsel that the taking of this drug could have caused a variance in the results of the test.

Unfortunately, the Commonwealth did not rebut this testimony by recalling their expert and asking him if Librium would cause any variance, and therefore the testimony was unanswered.

The jury retired and after some deliberation submitted a question to the court as follows:

"We are in doubt as to whether the Librium in a man's body would change the chemical analysis of the alcoholic content of his blood.

Signed,
Rudolph Hammond, Foreman"

The court instructed the jury that its recollection of the testimony was that this question was unanswered, but the court suggested to the jury that it go back over the testimony as to the test that was given and consider what the test showed and that it may be that the question would answer itself.

Defendant contends that this is error because the court answered the question and commented on evidence that was not introduced at the trial.

Frankly, we have some difficulty with defendant's contention because we do not understand it. The problem is further compounded by the fact that the remark made by the court to the jury means little or nothing other than the fact that there was no testimony in the case as to the effect that Librium might have on defendant, but there was testimony that the only two things that would affect the test were smoking and the presence of alcohol in defendant's mouth. From this testimony, we believe the jury could conclude that Librium would have no effect.

We do not believe that the Commonwealth has the obligation to specifically show that every possible event that transpired would not create a variance in the test. For example, the Commonwealth need not show what the degree of fatigue or what defendant had for dinner or other possible contingencies would have on the results of the test. We believe it is sufficient if the Commonwealth produces testimony to show what situations would affect the test; that is what was done in this particular case.

The jury had the right to evaluate the Commonwealth's testimony, as given by its expert, and if that testimony was that only smoking and drinking would effect a variance, then the jury had the right to consider the testimony concerning the use of Librium in conjunction with the expert testimony above referred to.

All the court did in its additional instructions was point out to the jury that there was no testimony specifically concerning the use of Librium, but suggested to the jury that it review the testimony concerning the giving of the test which would include the testimony of the expert concerning variances that might result.

We believe this instruction was fair to defendant because if the court had gotten into the variance aspects of the expert's testimony, there would have been a tendency to emphasize that testimony to the jury.

## ORDER

And now, March 22, 1972, defendant's motion for a new trial and motion in arrest of judgment are denied, and exceptions are granted to defendant from the ruling of this court.